IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHN R. NEWBERN, | : | |
| Petitioner | : | |
| | : | **7 : 08-CV-48 (WLS)** |
| VS. | : | **7 : 08-CV-49 (HL)** |
| | : | |
| Sheriff WINSTON C. PETERSON, | : | |
| Respondent. | : | |

**RECOMMENDATION**

The petitioner filed the above-styled federal habeas corpus petitions attacking his 2008 Clinch County probation revocation.[1]  Following the entry of a guilty plea to several criminal violations in 2005, the Petitioner was sentenced to three, twenty (20) year terms, to be served concurrently and on probation.  Following a probation revocation hearing in April 2008, the petitioner's probation was revoked and petitioner was sentenced to serve between 180 and 200 days in a detention center.  Presently before the court are the respondent's motions to dismiss, in which the respondent asserts that the petitioner has not completed review of his probation revocation in the state courts by means of a completed appeals process and/or a state habeas corpus petition.  Among other arguments, the respondent maintains that although the petitioner filed what was construed by the court as a Notice of Appeal on May 1, 2008, appellate review has not been completed.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition

---

[1] Although filed under two (2) separate civil action numbers and drafted somewhat differently, the two petitions are identical in the presentation of challenges to petitioner's 2008 probation revocation.

for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement,  "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies.  Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978).  Inasmuch as he has not yet completed state habeas review, the petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b).  The court notes that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Inasmuch as the petitioner has not yet completed available state court remedies regarding the grounds for relief raised in these federal habeas petitions, it is the recommendation of the undersigned that the respondent's motions to dismiss be **GRANTED** and that these federal habeas corpus petitions be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file and serve written objections to these recommendations with the district judge to whom each matter is assigned WITHIN TEN (10)

DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 9th day of December, 2008.

/s/ **Richard L. Hodge**<br>RICHARD L. HODGE<br>UNITED STATES MAGISTRATE JUDGE

asb